THADDEUS PARASCANDOLA, Respondent, *v.* HOWARD D. HAMMOND, Individually, and as Surviving Partner of the Firm of B. J. SFORZA & COMPANY, Appellant, Impleaded with Others.

(Argued January 16, 1930; decided February 11, 1930.)

*Kenneth Brooks Low, Walter Carroll Low* and *Starr Corey* for appellant. There is no evidence that plaintiff's transactions with B. J. Sforza were within the scope of the partnership business of B. J. Sforza & Co. and thus binding upon the appellant. (*Kittle* v. *Callahan,* 19 N. Y. Supp. 397; *Mircein* v. *Andrus,* 10 Wend. 461; *Cashman* v. *Lawson,* 73 App. Div. 419; 175 N. Y. 488; *Chemung Canal Bank* v. *Bradner,* 44 N. Y. 680; *Union*

*National Bank* v. *Underhill*, 102 N. Y. 336; *Lord* v. *Hull*, 37 Misc. Rep. 83; 80 App. Div. 194; 178 N. Y. 9; *Nemath, Inc.*, v. *Tracy*, 217 N. Y. 714.)

*Frederick W. Sparks* and *Anthony F. Tuozzo* for respondent. The evidence shows that the respondent's dealings were with B. J. Sforza & Co. and within the scope of its partnership business. (Rowley on Partnership, § 486; *Griswold* v. *Haven*, 25 N. Y. 595; *Chester* v. *Dickerson*, 54 N. Y. 1; *Adams* v. *Long*, 114 Ill. App. 277.)

*Per Curiam.* The record fails to show that the moneys and other property delivered by the plaintiff to the deceased partner Sforza, were so delivered in connection with any business of the partnership, or applied, when received, to partnership uses.

The statement of the account made out by Sforza during his life and retained by the plaintiff without objection, sets forth a series of transactions between the plaintiff and Sforza individually. The form of the advances and that of the part payments made thereon point clearly in the same direction. If the plaintiff's case is to be upheld at all, it must be upon the theory that the moneys were deposited in the bank account of the firm, from which an inference would follow that they were received in the business of the partnership. The books of account are confused and unsatisfactory. Even so, the burden was on the plaintiff to trace his moneys into the coffers of the firm, as distinguished from those of Sforza individually. Analysis of the entries does not justify a holding that the burden was sustained.

The judgment of the Appellate Division and that of the Special Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.